**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Suenos, LLC, an Illinois limited liability company, | No. CV10-1034 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Diane Goldman, a New Jersey individual, et al., | |
| Defendants. | |

Defendant Diane Goldman moves to dismiss the case against her on the ground that the contract between her and Plaintiff provides for mediation and arbitration. Doc. 36. Plaintiff Suenos, LLC asserts that it has opted out of arbitration, and, in the alternative, requests the case against Goldman be stayed pending mediation. Doc. 42. Defendant did not file a reply. Plaintiff and Defendant subsequently stipulated to a settlement conference as a mediation (Doc. 44) and the Court granted the motion (Doc. 47). Consequently, Defendant Goldman's motion to dismiss will be denied as moot.

Defendants Gail Dacey and Lawyers Title of Arizona, Inc. (collectively "LTA Defendants") move to dismiss the claims against them under Rule 12(b)(6) for failure to state a claim. Doc. 37. The motion has been fully briefed.[1] Docs. 37, 43, 53. LTA Defendants

---

[1] LTA Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. See Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  argue that the terms of the contract between Plaintiff and Defendant Goldman – more
2  specifically the "absolute discretion," indemnity, and "hold harmless" clauses – exempt them
3  from the liability asserted in Plaintiff's claims.  Doc. 37 at 1-2, 3:1-11.  Moreover,
4  Defendants argue that because the terms are unambiguous, they should be decided as a matter
5  of law.  *Id.* at 3; Doc. 53 at 2-3.  Plaintiff responds that the contract also required the LTA
6  Defendants to release earnest money according to the contract's terms, not arbitrarily, and
7  that Defendants' failure to do so is the basis for the claims at issue.  Doc. 43 at 7-8; Doc. 1
8  at 11-17.

9  When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the
10 factual allegations "'are taken as true and construed in the light most favorable to the
11 nonmoving party.'"  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation
12 omitted).  The terms of a contract should generally be interpreted in concert with each other,
13 with the presumption being against surplusage.  *E.g.*, *Taylor v. State Farm Mut. Auto. Ins.
14 Co.*, 854 P.2d 1134, 1144 n.9 (1993) (noting that "a contract should be interpreted, if at all
15 possible, in a way that does not render parts of it superfluous").  Plaintiff's complaint alleges,
16 in an exhibit, that the contract contains the following provision: "In the event of a dispute
17 between Buyer and Seller regarding any Earnest Money deposited with Escrow Company,
18 Buyer and Seller authorize Escrow Company to release Earnest Money pursuant to the terms
19 and conditions of this Contract in its sole and absolute discretion."  Doc. 1-4 at 3.  Assuming
20 as true the allegation that these were the terms of the contract, the escrow company had
21 discretion to release the earnest money as long as the contract terms provided for such release
22 in the circumstances of the case.

23 LTA Defendants assert that a release was proper under the factual circumstances of
24 this case: Defendant Goldman (the buyer) tendered a notice of cancellation by the extended
25 inspection-period deadline.  Doc. 37 at 4.  Plaintiff responds, however, that the inspection
26 period was extended only for the limited purpose of ascertaining property tax information,
27 that the notice was delivered later than the general-inspection period deadline, and that
28 cancellation of the contract was not permitted for the reason stated in the notice.  Doc. 43 at

7-8; Doc. 1 at 11-13.  Moreover, Plaintiff also asserts that the LTA Defendants had actual notice of these facts when they released the funds.  Doc. 43 at 5; Doc. 1 at 11.  The factual dispute between the parties precludes dismissal of the claims against LTA Defendants as a matter of law at this stage of the litigation.  The Court will deny the motion to dismiss.

**IT IS ORDERED**:

1. Defendant Goldman's motion to dismiss (Doc. 36) is **denied as moot**.

2. LTA Defendants' motion to dismiss (Doc. 37) is **denied**.

DATED this 29th day of December, 2010.

_____
David G. Campbell
United States District Judge