THOMAS R. NOLASCO, SBA #20899
**ENGELMAN BERGER, P.C.**
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, ARIZONA 85012
———————
Ph: (602) 271-9090
Fax: (602) 222-4999
Email: trn@eblawyers.com
———————

Attorneys for Defendant Diane Goldman

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| SUENOS, LLC, an Illinois limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DIANE GOLDMAN, a New Jersey individual; LAWYERS TITLE OF ARIZONA, INC., an Arizona corporation, as successor-in-interest to LandAmerica Capital Title Company, a Virginia corporation; GAIL DACEY, an Arizona individual; and NEIL BROOKS, an Arizona individual,<br><br>Defendants. | Case No. 2:10-cv-01034-TL<br><br>**MOTION IN LIMINE NO. 1 REGARDING THE HANSEN CONTRACT**<br><br>[Assigned to the Honorable Tim Leonard] |

Defendant Diane Goldman moves in limine to preclude Plaintiff from presenting any evidence or testimony regarding Ms. Goldman's alleged Purchase Contract with Donald Hansen (the Hansen Contract). That evidence and testimony should be precluding for multiple reasons. First, it is completely irrelevant pursuant to Federal Rules of Evidence, Rule 402. Second, it is unfairly prejudicial, confusing and likely to mislead the jury and a waste of time pursuant to Federal Rules of Evidence, Rule 403. Third, it constitutes inadmissible character evidence under the Federal Rules of Evidence, Rule 404. Finally, it does not rise to the level of admissible habit evidence under Federal Rules of Evidence, Rule 406.

{0002747.0001/00398016.DOC / }

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

Prior to making any purchase offer on Plaintiff's condominium unit #805-2, Ms. Goldman began renting a Scottsdale Waterfront condominium, unit #903-2, owned by Donald Hansen. In order to allow her to rent the unit at the Scottsdale Waterfront, she executed both a lease and a separate Purchase Contract for #903-2. Ms. Goldman and Mr. Hansen understood that Ms. Goldman had the option to purchase unit #903-2, but did not have the obligation to do so. Consistent with that understanding, Ms. Goldman and Mr. Hansen mutually extended the closing date of the purchase contract several times. One extension occurred on July 28, 2008, which extended any potential closing date until November 1, 2008, to allow Ms. Goldman to continue renting and looking for another unit to purchase. (See Addendum, attached as Exhibit 1). Ms. Goldman then made a second purchase offer to Plaintiff for the same original sale price of $1,530,000.00 on August 11, 2008, which is the subject of Plaintiff's failed duty to mitigate its damages. From August 2008 through at least March 2009, Plaintiff and its real estate agent had never even seen the Hansen Purchase Contract. Plaintiff's real estate agent, Kathleen Smith, specifically testified as follows:

Q: Mr. Rosen: I am showing you what has been previously marked for identification purposes as Exhibit 29. This is a real estate contract that appears to be dated April 10, 2008, I am sorry April 4, 2008 between Diane Goldman and Donald Hansen, is that correct?

A: Kathleen Smith: Yes.

Q: Have you ever seen this document?

A: No. I mean it is not something I have seen before. No.

(See Deposition of Kathleen Smith, attached as Exhibit 2, p.168, l.18-p.169, l.1).

Q: Mr. Rosen: I am showing you again Exhibit 112, which was provided earlier by Mr. Watson. This is an email dated September 8, 2008. At this point have you seen a copy of the lease agreement between Diane Goldman and Donald Hansen for Unit #903-2?

A: Kathleen Smith: No.

| | |
|---|---|
| Q: | Mr. Rosen: At this point had you seen a copy of the purchase agreement between Diane Goldman and Donald Hansen for Unit #903-2? |
| A: | Kathleen Smith: No. |

(See Deposition of Kathleen Smith, attached as Exhibit 2, p. 175, ll.7-16).

| | |
|---|---|
| Q: | Mr. Rosen: As of March 2, 2009, had you seen the residential purchase agreement between Diane Goldman and Donald Hansen for Unit #903-2? |
| A: | Kathleen Smith: No. |

(See Deposition of Kathleen Smith, attached as Exhibit 2, p. 177, ll.9-12).

At most, Ms. Smith only knew that Ms. Goldman was renting Unit 903-2 with the assistance of Neil Brooks. After Ms. Goldman had purchased her current residence in March 2008, Mr. Hansen and Ms. Goldman mutually agreed to terminate the Purchase Contract and the lease and Mr. Hansen voluntarily returned Ms. Goldman's security deposit. (See Mutual Cancellation, attached as Exhibit 3). Even though she was not obligated to purchase the Hansen condominium, Ms. Goldman had the funds in August 2008 to purchase both Plaintiff's condominium and the Hansen condominium.

Plaintiff is attempting to introduce evidence and testimony regarding the Hansen Purchase Contract to impugn the character of Ms. Goldman by arguing that she somehow breached the Hansen contract or that she only intended to purchase unit #903-2 and not Plaintiff's unit. Neither theory is true or relevant because Plaintiff had not even seen the Hansen contract until well after Ms. Goldman's second purchase offer in August 2008. Nevertheless, Plaintiff has listed at least 10 exhibits in the Joint Final Pretrial Order (Plaintiff's Exhibits 15-24) that are related to the Hansen Purchase Contract. Plaintiff has also listed at least 8 witnesses that will testify regarding the Hansen Purchase Contract. (Donald Hansen, his agent Roxanne Johnson, Ms. Goldman, Spencer Marks, Richard Glickman, Neil Brooks, Shirley Scully and Kathleen Smith ). The evidence and testimony regarding the Hansen contract is irrelevant, prejudicial, confusing and a substantial waste of

1  time. Moreover, it is impermissible character evidence and does not rise to the level of
2  admissible habit evidence.

3  **II.   ARGUMENT**

4      **A.   Any Reference, Testimony or Exhibit Relating to the Hansen Purchase Contract Must be Excluded Because it is not Relevant Pursuant to Federal Rules of Evidence, Rule 402.**

6  Federal Rules of Evidence, Rule 402, provides that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

10  The evidentiary rules are clear that irrelevant evidence is inadmissible. Relevance is
11  defined as "evidence having any tendency to make the existence of any fact that is of
12  consequence to the determination of the action more probable or less probable than it would
13  be without the evidence." Federal Rules of Evidence, Rule 401. In this case, the Hansen
14  Contract is not relevant because it has absolutely no bearing on whether Plaintiff satisfied its
15  duty to mitigate its damages. Even though breach of contract is not an issue before the jury,
16  Plaintiff seeks to use its breach of contract arguments to further malign Ms. Goldman's
17  character or raise doubts as to Ms. Goldman's motive in offering the second purchase
18  contract. Breach of contract and Ms. Goldman's motive in purchasing Plaintiff's unit are not
19  at issue in this trial. The legal issue is whether Plaintiff made reasonable efforts to prevent or
20  reduce its damages, including acting reasonably when it rejected Ms. Goldman and other
21  buyers' purchase offers. It is undisputed that Plaintiff never received or specifically knew of
22  the Hansen Purchase Contract until long after the August 2008 time frame. Ms. Goldman
23  submitted her second Purchase Contract offer on August 11, 2008, for the exact same
24  purchase price as the original contract for $1,530,000. Plaintiff rejected it the very next day,
25  on August 12, 2008, and submitted its counter-offer for $1,550,000 with 18 other additional,
26  self-serving conditions, including doubling the escrow amount. It is undisputed that even as
27  of March 2009, Plaintiff was not aware of the Hansen Purchase Contract. As a result, the

Hansen contract did not and could not have played any role in whether Plaintiff acted reasonably in rejecting Ms. Goldman's purchase offers in August 2008 for $1,530,000. Consequently, any reference, evidence or witness testimony related to the Hansen contract must be excluded as irrelevant and inadmissible under Rule 402.

> **B.     Any Reference to or Testimony of the Hansen Purchase Contract Must be Excluded because its Prejudicial Impact, Tendency to Confuse the Issues, Mislead the Jury and Waste Time far Outweigh any Possible Probative Value Pursuant to Federal Rules of Evidence, Rule 403.**

Under the Federal Rules of Evidence, the trial court may exclude evidence if it is probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay and waste of time. Federal Rules of Evidence, Rule 403. Where the evidences are very slight, if any, probative value, it is an abusive description to admit that evidence if there is even a modest likelihood of unfair prejudice or small risk of misleading the jury. United States v. Kingslow, 860 F.2d 963, 968 (9th Cir. 1988).

Rule 403 applies to all forms of evidence, including direct and circumstantial, testimonial, hearsay, documentary, real proof and demonstrative evidence. *See* Advisory Committee Notes to Federal Rules of Evidence, §403.5(1). The Court must consider whether the search for the truth will be help or hindered by the interjection of distracting, confusing or emotionally charged evidence. With regard to the prejudicial value of evidence, Rule 403 contemplates the exclusion of evidence is warranted when the evidence will result in an adverse impact beyond its tendency to prove the fact or issue. That makes the evidence relevant in the first place. United States v. Murillo, 288 F.3d 1126, 1137 (9th. Cir. 2002).

Plaintiff intends to use the Hansen contract and related testimony to further malign Ms. Goldman's character or raise doubts as to Ms. Goldman's motive in offering the second purchase contract. Because the Hansen contract is unfairly prejudicial, confusing and misleading, all Hansen contract evidence and related testimony must be excluded. Moreover, because Plaintiff intends to spend a substantial amount of time on this issue for this one-week

1  trial, the Hansen contract reference should be excluded for undue delay and waste of time
2  under Rule 403.

### C. Reference and Testimony Regarding the Hansen Contract Constitutes Improper Character Evidence Pursuant to Rule 404.

Federal Rules of Evidence are clear that evidence of a person's character or a trait of character is not admissible for the purpose of proving action conformity or on a particular occasion. That rule has been codified in Federal Rules of Evidence, Rule 404. Character is a description of ones disposition with respect to a general trait, such as honesty. See Advisory Committee note to Rule 406. A litigant cannot attack witness character for dishonesty through extrinsic evidence and is limited to reputation or opinion evidence under Rule 608. Here, Plaintiff is using extrinsic evidence of the Hansen contract to attempt to impugn the character of Ms. Goldman, particularly her honesty with respect real estate purchase contracts. Because that character attack is expressly barred by Rules 404 and 608, the Hansen purchase contract, related documents and testimony must be excluded from trial.

### D. The Hansen Purchase Contract does not Constitute Admissible Habit Evidence.

Plaintiff may attempt to argue that the Hansen contract is somehow evidence of Ms. Goldman's habit with respect to purchase contracts. Rule 406, Fed.R.Evid., only allows evidence of a person's habit to show that on a particular occasion that person acted in accordance with their habit. The Advisory Committee notes explain that habit is one's regular response to a repeated specific situation. Examples of habit are going down a stairway two stairs at a time or giving a hand-signal for a left hand turn. In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct. United States v. Angwin, 271 F.3d 1186 (9th Cir. 2007). The burden of establishing that certain conduct qualifies as evidence of habit falls on the party wishing to introduce the

evidence. Id.   Because Rule 406 is an exception to the general exclusion of character evidence under the federal rules, courts are cautious in admitting habit evidence." Id.

Here, Plaintiff cannot come close to meeting its burden of showing that the Hansen contract qualifies as evidence of habit.  First, Ms. Goldman did not breach the Hansen contact.  Second, there is not even an inference that can be drawn that Ms. Goldman's treatment of the Hansen contract was reflexive or semi-automatic.  Instead, her actions were completely volitional.  Moreover, the Hansen contract had no similarity to the first or second purchase contract for Plaintiff's condominium.  Plaintiff's contract had no lease agreement or anything related to the understanding of a lease.  Finally, there is no regularity or pattern related to Ms. Goldman's treatment of the Hansen contract.  Thus, the Hansen contract does not qualify as habit evidence and must be excluded for the reasons stated above.

## III.  CONCLUSION

For all the foregoing reasons, because the Hansen contract, related documents and testimony are completely irrelevant to the trial issues, are unfairly prejudicial, confusing, a complete waste of time, impermissible character evidence and not admissible habit evidence, this Court should exclude all evidence and testimony related to the Hansen contract.

DATED this 21st day of December, 2012.

**ENGELMAN BERGER, P.C.**

By */s/ Thomas R. Nolasco*
       Thomas R. Nolasco, Esq.
       3636 North Central Avenue, Suite 700
       Phoenix, Arizona 85012
       Attorneys for Defendant Diane Goldman

{0002747.0001/00398016.DOC / }

1  I hereby certify that on this 21st day of December, 2012,
   I electronically transmitted the attached Document
2  to the Clerk's Office using the CM/ECF System for
   filing and transmittal of a Notice of Electronic Filing
3  to the following CM/ECF Registrants:

4  Spencer J. Marks, Esq.
   Jonathan D. Rosen, Esq.
5  Pokorny & Marks, LLC
   6 W. Hubbard St., Suite 700
6  Chicago, Illinois 60654
           *Attorneys for Plaintiff, Suenos, LLC*

7

8  By */s/ Mica Milano*

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{0002747.0001/00398016.DOC / }

8