THOMAS R. NOLASCO, SBA #20899
**ENGELMAN BERGER, P.C.**
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, ARIZONA 85012
_____
Ph:  (602) 271-9090
Fax:  (602) 222-4999
Email:  trn@eblawyers.com
_____

Attorneys for Defendant Diane Goldman

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| SUENOS, LLC, an Illinois limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DIANE GOLDMAN, a New Jersey individual; LAWYERS TITLE OF ARIZONA, INC., an Arizona corporation, as successor-in-interest to LandAmerica Capital Title Company, a Virginia corporation; GAIL DACEY, an Arizona individual; and NEIL BROOKS, an Arizona individual,<br><br>Defendants. | Case No. 2:10-cv-01034-TL<br><br>**MOTION IN LIMINE NO. 2 REGARDING ANY CLAIMS OR POTENTIAL CLAIMS AGAINST MS. GOLDMAN'S REAL ESTATE AGENT AND AFFILIATES**<br><br>[Assigned to the Honorable Tim Leonard] |

Defendant Diane Goldman ("Goldman") moves for an order in limine excluding any and all reference, questioning or attempts to elicit testimony regarding any claims Ms. Goldman may have against her real estate agent and affiliates for this subject transaction.  In response to Neil Brooks' Motion for Summary Judgment, Plaintiff noted that Ms. Goldman may have claims against Neil Brooks as her real estate agent.  Any reference to such claims should be precluded as irrelevant under Federal Rules of Evidence, Rule 402, prejudicial, misleading, and confusing and a waste of time under Rule 403.  Moreover, any reference to Ms. Goldman's potential claims are specifically barred by the prohibition of the collateral source rule to this breach of contract action.

{0002747.0001/00397903.DOC / }

Any claims or potential claims that Ms. Goldman may have against her real estate agent and its affiliates are not relevant and inadmissible under Rule 402.  Rule 402 provides that evidence which is not relevant is not admissible.  Relevance is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  See Federal Rules of Evidence, Rule 401.  In this case, Ms. Goldman's potential claims against her real estate agent have no relevance at all to Plaintiff's failure to mitigate its damages or to Plaintiff's damages.  Thus, any reference to Ms. Goldman's potential claims must be excluded as irrelevant under Rule 402.

In addition, pursuant to Federal Rules of Evidence, Rule 403, the trial court may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or consideration of undue delay and waste of time.  Rule 403 contemplates the exclusion of evidence is warranted when the evidence will result in an adverse impact beyond its tendency to prove a fact or issue that makes the evidence relevant.  U.S. v. Murillo, 288 F.3d 1126, 1137 (9th Cir. 2002).  Here, any reference to Ms. Goldman's potential claims against her real estate agent is prejudicial to Ms. Goldman and confusing to the jury.  Those suggestions by Plaintiff will only lead to jury the conclude that Ms. Goldman is more capable of absorbing a potential judgment.  Because that information is untrue and purely speculative at best, it is extremely prejudicial to Ms. Goldman's posture in this case and should be excluded.

The purchase contracts in question contain a clear choice of law provision in favor or Arizona law.  Moreover, the Federal Court applies state law in matters involving a collateral source rule.  Berg v. First State Ins. Co., 915 F.2d 450, 467 (9th Cir. 1990).  Under Arizona law, the collateral source rule allows the plaintiff to fully recover from a defendant for an injury even when the plaintiff has recovered from a source other than the defendant for that same injury.  Norwest Bank, N.A. v. Symington, 197 Ariz. 191 (2000).  The rule most often defines application in tort cases that is recovery for both a tortfeasor and an insurer.  Id.

Arizona law is clear, however, that the collateral source rule does not apply to breach of contract claims.  Id.  See also Grover v. Ratliff, 120 Ariz. 368, 370, 586 P.2d 213, 215 (App. 1978).  Thus, because the collateral source rule does not apply to this breach of contract action, Plaintiff cannot make any reference or elicit any testimony that makes reference to Ms. Goldman's claims or potential claims again her real estate agent as a collateral source.

For all the foregoing reasons, because Ms. Goldman's claims or potential claims against her real estate agent are not relevant, are prejudicial, misleading, will be a waste of time, and because the collateral source rule does not apply to this breach of contract action under Arizona law, this court should preclude Plaintiff from making any reference or eliciting any testimony regarding Ms. Goldman's potential claims against Mr. Brooks.

DATED this 21st day of December, 2012.

**ENGELMAN BERGER, P.C.**

By */s/ Thomas R. Nolasco*
    Thomas R. Nolasco, Esq.
    3636 North Central Avenue, Suite 700
    Phoenix, Arizona 85012
    Attorneys for Defendant Diane Goldman

I hereby certify that on this 21st day of December, 2012,
I electronically transmitted the attached Document
to the Clerk's Office using the CM/ECF System for
filing and transmittal of a Notice of Electronic Filing
to the following CM/ECF Registrants:

Spencer J. Marks, Esq.
Jonathan D. Rosen, Esq.
Pokorny & Marks, LLC
6 W. Hubbard St., Suite 700
Chicago, Illinois 60654
    *Attorneys for Plaintiff, Suenos, LLC*

By */s/ Mica Milano*

{0002747.0001/00397903.DOC / }

3