# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **SUENOS, LLC**, an Illinois limited liability company,<br><br>          **Plaintiff,**<br><br>  v.<br><br>**DIANE GOLDMAN, et al.,**<br><br>          **Defendants.** | Case No. 2:10-CV-01034<br><br>[Assigned to the Honorable Tim Leonard]<br><br>**PLAINTIFF SUENOS, LLC'S MOTION *IN LIMINE* (#1) TO EXCLUDE THE PRESENTMENT BY LAWYER'S TITLE OF ARIZONA, INC. OF ANY EVIDENCE AND/OR TESTIMONY REGARDING DIANE GOLDMAN'S ALLEGED ILLNESS, PHYSICAL CONDITION AND ALLEGED INCAPACITY PURSUANT TO THE LAW OF THE CASE, PAROLE EVIDENCE RULE, ARIZONA STATUTE OF FRAUDS (ARS §44-101(6)), AND *FED. R. EVID.* 401, 402 AND 403** |

Plaintiff SUENOS, LLC, an Illinois limited liability company ("SUENOS"), by and through counsel **POKORNY & MARKS, LLC**, moves *in limine* (#1) to preclude Lawyer's Title of Arizona, Inc. ("LTA") from presenting any evidence and/or testimony related to Diane Goldman's Alleged Illnesses, Physical Condition and Alleged Incapacity pursuant to the Law of the Case Doctrine, Parole Evidence Rule, Arizona Statue of Frauds (A.R.S. §44-101(6)), and *Fed. R. Evid.* 401, 402 and 403. This Motion *in Limine* is supported by the following Memorandum of Points and Authorities and the Court's entire record in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     BRIEF FACTUAL BACKGROUND.

As set forth in Plaintiff's Motion for Summary Judgment on its Breach of Contract count, which is incorporated herein by reference, this matter involves GOLDMAN's already-adjudicated July 21, 2008 **breach** of a June 26, 2008 contract to purchase SUENOS' condominium unit #805-2 at the Scottsdale Waterfront Condominiums (the "Property"). The only remaining issues before the Court related to LTA are limited to: (1) LTA's breach of fiduciary (Count III) based on what SUENOS claims is LTA's improper acceptance of Goldman's July 10, 2008 BINSR Cancellation; (2) SUENOS' request for punitive damages and attorneys' fees/costs stemming from LTA's related conduct; and (3) SUENOS duty to mitigate its damages.

## II.    EVIDENCE AND/OR TESTIMONY OF GOLDMAN'S ALLEGED ILLNESS AND ALLEGED INCAPACITY.

In defense to her breach of the Contract, *and more than thirty-one months after she breached the Contract*, Goldman claimed (*for the first time*) in her Responses to SUENOS' Interrogatories to the Verified Complaint that she was excused from performance of the Contract by the Doctrine of Impracticability due to an alleged "serious illness".[1] GOLDMAN did not mention any alleged incapacity in her Answer to the Verified Complaint. (See *Dkt. #30.*) Similarly, LTA is defending its breach of fiduciary duty by curiously argues that while "the [BINSR] does not specifically designate 'taxes' it does specifically reference the 'due diligence period', which had been extended 'solely' to determine 'correct' taxes…" and Goldman's alleged extreme illness further precluded her from resolving the tax issue. (See *Dkt# 226* at 3)

LTA, however, is trying to offer the same evidence related the Goldman's Alleged Illnesses, Physical Condition and Alleged Incapacity, deemed irrelevant to what

---

[1] See Defendant Diane Goldman's Responses to Plaintiff's Non-Uniform Interrogatories and Request for Production, attached hereto and incorporated herein by reference as Exhibit A, at *inter alia* Interrogatory No. 4.

2

was written in Goldman's BINSR, as part of LTA's actual reason for accepting the BINSR and cancelling the escrow for the Contract ("Goldman's Alleged Illness/Incapacity"). Specifically, as set forth in the Joint Final Pretrial Order, LTA lists the following Stipulation and Undisputed Fact related to and/or referencing Goldman's Alleged Illness and/or Alleged Incapacity: "Goldman had been ill but her illness became acute on July 9, 2008…[a]ccording to the defendant and her real estate agent, Defendant Neil Brooks ("Brooks"), 'extreme illness' prevented her from fully and finally evaluating and approving any resolution of the tax issue prior to the end of the Inspection Period." (See Section 4C, at ¶11.)   LTA further lists the following Trial Exhibits that relate to and/or reference Goldman's Alleged Illness/Incapacity: (i) "July 9, 2008 Medical records for Diane Goldman from Nextcare Urgent Care"; (ii) "July 10, 2008 Email from Neil Brooks to Kathleen Smith re: extension and BINSR cancellation"; (iii) "July 10, 2008 Email from Neil Brooks to Elaina Kettinger (LandAmerica) and Diane Goldman re: extension and BINSR cancellation." (See *Dkt. #279* at §8(C)[2])[3]

However, this Court has already ruled as a matter of law that: (1) the language of the Parties' Contract was "***unambiguous***"; (2) the "***right to cancellation exists only for the reasons delineated in the [C]ontract***", and it did "**not** *permit Goldman to cancel because the seller did not agree to extend the due diligence period*"; (3) the "buyer ***must give the reason for the cancellation in her notice [the BINSR] to the seller***"; (4)  Goldman's BISNR stated  "[Goldman] elect[ed] to cancel *because [SUENOS] [would] not extend the Due Diligence period until July 17, 2008*"; (5) the "illness" argument is "***unavailing***" and/or "***not relevant***", and it was "***not the reason [Goldman] gave for cancelling [the Contract]***", **and** *she "is bound* **by the reason she**

---

[2] See *Dkt. #277 §7(B)(10), (12) and (13)*, attached hereto and incorporated herein as Exhibit B, Exhibit C and Exhibit D, respectively.

[3] While SUENOS has done its best to specifically identify the anticipated evidence/testimony it believes LTA intends to introduce related to and/or referencing Goldman's Alleged Illness and Alleged Incapacity, SUENOS requests that any testimony, documents or any other evidence related to and/or referencing Goldman's Alleged Illness and Alleged Incapacity also be excluded.

**gave** [in the BINSR] **_and cannot attempt to modify that reason by oral representations or after acquired explanations_**"; and (6) LTA "[as] an escrow agent has the fiduciary duty '**_to comply strictly with the terms of the escrow agreement_**.'"  (See *Id*. at 11-14) (emphasis added).  This Court reasoned further:

> …that the resolution of the parties' dispute about the seriousness of Goldman's illness is not relevant. Moreover, the documentary evidence does not reflect that Goldman or Brooks relayed this information to plaintiff, Smith or [LTA] None of the e-mails reflect that Goldman could not verify the taxes; in fact, the taxes were not mentioned in the e-mails that disclosed her intent to cancel. See Exhibit 18 to Lawyers Title Facts at 1; Exhibit 20 to Lawyers Title Facts at 1.

(*Id. at 12 fn. 11*). .

Accordingly, since it has been <u>decided</u> as a matter of law and the "law of this case" that Goldman is "<u>*bound*</u>" by the improper reason she gave in her cancellation BINSR <u>and</u> cannot attempt to modify that reason by any oral representations or after-acquired explanations, this Court cannot allow LTA to "excuse" or otherwise "interpret" Goldman's written reason for canceling the Contract by allowing LTA to adopt and introduce the same irrelevant, improper and inadmissible "after acquired explanation" evidence as its basis for LTA's cancelation of the Escrow and release of the Earnest Money to Goldman.

### III.   LEGAL ARGUMENT

    **A.   All Evidence and/or Testimony Regarding the Goldman's Alleged Illness/Incapacity Must be Excluded Pursuant to the Law of the Case Doctrine, Parole Evidence Rule and the Arizona Statue of Frauds.**

It is anticipated that LTA will attempt to introduce evidence and/or testimony of Goldman's Alleged Illness/Incapacity during the trial of this matter. LTA, however, has the burden of proving "how the proffered evidence is relevant to one or more issues in the case; specifically, [it] must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United

4

States v. Mehrmanesh, 689 F. 2d 822, 830 (9th Cir. 1982).  Here, LTA is unable to demonstrate how Goldman's Alleged Illness or Alleged Incapacity "make[s] the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed. R. Evid.* 401.

In fact, the Law of the Case Doctrine precludes LTA from "re-litigating" or "interpreting" a different basis or reason for Goldman's improper cancellation of the Contract, by "refusing to reopen questions previously decided in the same case by the same court…"  See Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II, 176 Ariz. 275, 278, 279, 860 P.2d 1328, 1331, 1332 (Ariz. App. Ct. 1993).  Application of Law of the Case Doctrine, although treated "as a procedural doctrine rather than as a substantive limitation on the court's power," generally "promotes an orderly process leading to an end to litigation."  Id. at 278, 860 P.2d at 1331.  Here, the Court's prior rulings as a matter of law related to the Goldman's Alleged Illness/Incapacity, the Contract's unambiguous language and Goldman's improper cancellation/breach of the Contract completely foreclose LTA from presenting *any* evidence and/or arguing that the Goldman's Alleged Illness/Incapacity was the "actual reason" Goldman attempted to cancel the Contract.  It is beyond dispute that LTA (as an escrow agent) ***had a duty to strictly comply with the terms of the escrow agreement***.  See Malta v. Phoenix Title & Trust, 76 Ariz. 116, 120, 259 P.2d 554, 557-558 (Ariz. 1953).  Here, the Escrow Instructions only "authorize[d] [LTA] to release the money pursuant to the terms and conditions of these instructions ***and the attached Purchase Contract***", and the Purchase Contract clearly required Goldman to state ***"the reason for the cancellation in her [BINSR] notice to the seller."***  To allow LTA to introduce any evidence or testimony related to the already deemed irrelevant Goldman's Alleged Illness/Incapacity would "reopen questions previously decided" by this Court and "re-litigate" the issue of whether Goldman's cancellation BINSR properly cancelled the Contract.  Therefore, under the Law of the Case Doctrine, LTA must be barred from presenting any evidence and/or testimony related to (or even suggesting) Goldman cancelled the Contract *because of (or as a consequence of) Goldman's Alleged Illness/Incapacity* as the Court has plainly ruled that Goldman's stated reason for

cancellation was *"[SUENOS] [would] not extend the Due Diligence period until July 17, 2008"* <u>and</u> *she "is <u>bound</u> by [this stated] reason."* If Goldman is bound by her written BINSR reason, LTA is bound by her written BINSR reason.

In addition, the Parole Evidence Rule does not permit introduction of evidence that directly contradicts the parties' written agreement. See <u>Taylor v. State Farm Mut. Auto. Ins. Co.</u>, 175 Ariz. 148, 854 P.2d 1134, 1141 (Ariz. 1993). Here, LTA intends to improperly "explain" the plain meaning of Goldman's written cancellation BINSR through oral representations, prior documents and/or after-acquired explanations regarding Goldman's Alleged Illness/Incapacity – all of which improperly contradicts the unambiguous language contained in Goldman's BINSR and the Contract – *which required the buyer to state the reason for the cancellation <u>in the BINSR</u>* – and which LTA had no discretion to ignore. Similarly, any amendment to a real estate purchase agreement must comply with the Statute of Frauds. See <u>Best v. Edwards</u>, 217 Ariz. 497, 502 (Ariz. Ct. App. 2008); A.R.S. §44-101(6). The purpose of the statute of frauds is to avoid the assertion of claims based on "uncertain memory and unrecorded expression," and to excuse the requirement of a signed written agreement in these circumstances would undercut the very protections afforded by the statute. (See Id.) To allow LTA to introduce extrinsic evidence of Goldman's (or anyone else's) oral representations and after acquired explanations related to Goldman's Alleged Illness/Incapacity to effectively allow LTA to unilaterally use oral representations to amend the terms of the Purchase Contract/Escrow Agreement (*i.e.*, allowing LTA to release the Earnest Money for any "reasonable", non-contractually allowed reason not stated in the BINSR) is a blatant violation of the Statute of Frauds (A.R.S. §44-101(6)).  Clearly, for any one of the foregoing reasons, any evidence and/or testimony regarding Goldman's Alleged Illness/Incapacity must be excluded.

      **B.**    **Evidence and/or Testimony of Goldman's Alleged Illness/Incapacity Would Unfairly Prejudice SUENOS and Otherwise Confuse the Factfinder and/or the Issues at Trial.**

Even if this Court determined that evidence and/or testimony of Goldman's Alleged Illness/Incapacity was somehow minimally relevant and otherwise proper, such

evidence must still be excluded under *Fed. R. Evid.* 403.  Pursuant to *Fed. R. Evid.* 403, a court may exclude relevant evidence if its probative value is substantially outweighed by a damage of one or more of the following:  unfair prejudice, confusing the issues, misleading the factfinder, undue delay, wasting time, or needlessly presenting cumulative evidence.  Unfair prejudice occurs when evidence leads a factfinder to make its decision on factors other than the merits of the case, commonly on the basis of emotion, but also on other basis not justified by the evidence.  See U.S. v. Rabanales-Casia, 2012 U.S. Dist. LEXIS 145288 (D. Ariz. 2012), citing Vol. 2, *Weinstein's Federal Evidence*, §403.04[1][b] (Matthew Bender 2d ed. 2012).  To the extent that any evidence and/or testimony regarding Goldman's Alleged Illness/Incapacity has some minimal relevance during the trial on LTA's Breach of Fiduciary Duty, Mitigation Defense and SUENOS' Prove Up of Damages, the relevance is substantially outweighed by the extreme dangers of unfair prejudice, confusion of the issues and misleading the factfinder.

If LTA was permitted to introduce evidence and/or testimony regarding its irrelevant, unsupported and erroneous conclusion that Goldman cancelled the Contract because of (or on account of) her Alleged Illness/Incapacity, and not because what she actual wrote in the BINSR, there is an extreme risk that the factfinder might react emotionally and possibly relate or extend LTA's alleged Goldman Illness/Incapacity "justification" into a determination that LTA strictly followed the terms of the Escrow Agreement/Contract with respect to the release of the Earnest Money – *i.e., applying the wrong legal standard in determining that LTA complied with its fiduciary duty to SUENOS*.  Similarly, regarding the Prove Up of SUENOS' damages (including any punitive or attorney's fees), the introduction of such evidence could cause the factfinder to improperly ignore the damages sustained and proven by SUENOS in favor of awarding a lesser amount against an allegedly "reasonable" LTA.  Clearly, any possible relevance of Goldman's Alleged Illness/Incapacity to the remaining issues in this case against LTA is unquestionably outweighed by the dangers of unfair prejudice and facfinder/issue confusion.

### IV. CONCLUSION.

In light of the foregoing, any evidence, testimony and/or inference regarding Goldman's Alleged Illness, Physical Condition and/or Alleged Incapacity or that Goldman's Alleged Illness, Physical Condition and/or Alleged Incapacity was the actual reason for cancellation are completely improper and irrelevant to the issues at trial related to LTA – LTA's breach of its fiduciary duty, SUENOS' request for punitive damages and attorneys' fees/costs, and/or SUENOS' duty to mitigate its damages.  The only purpose for such evidence and/or testimony would be to unfairly prejudice SUENOS before the factfinder or confuse the factfinder on the applicable legal standards and/or actual issues at trial.  Therefore, in the interests of justice, this Court must exclude LTA from presenting any and all evidence, testimony and/or inference related to Goldman's Alleged Illness, Physical Condition or that Goldman's Alleged Illness, Physical Condition was Goldman's actual reason for cancellation.

DATED December 21, 2012

**POKORNY & MARKS, LLC**

By: _____/s/ Jonathan D. Rosen_____
**Jonathan D. Rosen**
**Spencer J. Marks**
**POKORNY & MARKS, LLC**
**6 West Hubbard Street, Suite 700**
**Chicago, Illinois  60654**
**Telephone:  (312) 540-0600**
**Facsimile:  (312) 540-0610**
jrosen@pokornymarks.com
smarks@pokornymarks.com
*Attorneys for Suenos, LLC*

W:\214930\01\TRIAL\Motion in Limine\Against LTA\Plaintiff Suenos Motion in Limine (#1) re Goldman's Alleged Illness for LTA (JDR) 121512.doc

**CERTIFICATE OF SERVICE**

☒    I hereby certify that on December 21, 2012, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**TRN@eblawyers.com**

**Patrick.davis@fnf.com**, **Dan.Fredenberg@fnf.com**

By:        /s/ Jonathan D. Rosen

9