UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| SUENOS, LLC, an Illinois limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DIANE GOLDMAN, et al.,<br><br>Defendants. | Case No. 2:10-CV-01034<br><br>[Assigned to the Honorable Tim Leonard]<br><br>**PLAINTIFF SUENOS, LLC'S MOTION *IN LIMINE* (#2) TO EXCLUDE THE PRESENTMENT BY LAWYER'S TITLE OF ARIZONA OF ANY EVIDENCE AND/OR TESTIMONY RELATED TO ESTIMATED 2008 REAL ESTATE TAXES FOR THE PROPERTY AND/OR THAT SUCH REAL ESTATE TAXES WERE THE ACTUAL REASON DIANE GOLDMAN CANCELLED THE CONTRACT PURSUANT TO THE LAW OF THE CASE, PAROLE EVIDENCE RULE, ARIZONA STATUTE OF FRAUDS (ARS §44-101(6)) AND *FED. R. EVID.* 401, 402 AND 403** |

Plaintiff SUENOS, LLC, an Illinois limited liability company ("SUENOS"), by and through counsel **POKORNY & MARKS, LLC**, moves *in limine* (#2) to preclude Lawyer's Title of Arizona, Inc. ("LTA") from introducing any evidence and/or testimony regarding the Estimated 2008 Real Estate Taxes for the Property and/or that such Real Estate Taxes were the reason Diane Goldman cancelled the Contract, pursuant to the Law of the Case Doctrine, Parole Evidence Rule, Arizona Statue of Frauds (A.R.S. §44-101(6), *Fed. R. Evid.* 401, 402 and 403.

This Motion *in Limine* is supported by the following Memorandum of

Points and Authorities and the Court's entire record in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BRIEF FACTUAL BACKGROUND.

As set forth in Plaintiff's Motion for Summary Judgment on its Breach of Contract count, which is incorporated herein by reference, this matter involves Goldman's already-adjudicated July 21, 2008 **breach** of a June 26, 2008 contract with SUENOS to purchase condominium unit #805-2 at the Scottsdale Waterfront Condominiums (the "Property") and LTA's decision to release of the $25,000.00 Earnest Money to Goldman. The issues involving LTA are: (1) whether LTA failed to "strictly comply with the terms of the escrow agreement …" (Burkons v. Ticor Title Ins. Co., 168 Ariz. 345 (1991)); (2) whether LTA's related misconduct entitles SUENOS to punitive damages and attorneys' fees/costs; and (3) whether SUENOS' satisfied its duty to mitigate damages.

### II.   EVIDENCE AND/OR TESTIMONY OF GOLDMAN'S ALLEGED ISSUE WITH THE ESTIMATED 2008 REAL ESTATE TAXES FOR THE PROPERTY.

In defense to her breach of the Contract, Goldman argued that the real reason she cancelled the Contract was because she could not determine the accurate 2008 real estate taxes for the Property within the time permitted. (*Dkt# 248 at 12*.) Similarly, LTA is defending its breach of fiduciary duty by curiously arguing that while "the [BINSR] does not specifically designate 'taxes' it does specifically reference the 'due diligence period', which had been extended 'solely' to determine 'correct' taxes…" (*Dkt #226* at 3).

In rejecting all claims by Goldman related to real estate taxes, as irrelevant and outside the language of the BINSR, this Court deemed Goldman liable for breach of the Contract as a matter of law (*Dkt. #248*), and yet LTA is trying to offer the same irrelevant evidence related the 2008 real estate taxes, deemed irrelevant to what is written in Goldman BINSR, as LTA's actual reason for accepting the BINSR and cancelling the escrow for the Contract (the "2008 Real Estate Taxes"). Specifically, §8(B) of the Joint Final Pretrial Order, LTA lists Neil Brooks (Goldman's agent), Gail Dacey (of LTA),

Mark Walker (of LTA), John T. Lotardo (LTA Expert) and Goldman as witnesses that will testify regarding: (a) Goldman's "cancel[ation of] the [P]urchase [Contract] on the basis of taxes", (b) the "escrow was originally extended to evaluate taxes on the property"; (c) Walker's "interpretation" of the "basis for the release was based on taxes and not a requested extension of time"; (d) Dacy's efforts to "estimate [real estate] taxes"; (e) Goldman's "intention was to purchase the property, but because she was unable to determine taxes, she cancelled";  and (f) Goldman's "due diligence concerning the anticipated taxes on the property" – all of which is completely irrelevant, inadmissible parole evidence or violation of the "Law of the Case Doctrine." (*Dkt. #279 at §8(C)*.) Further, at least 20 of LTA's 69 listed trial exhibits reference or relate to either the *alleged* indeterminability of the 2008 Real Estate Taxes and/or Goldman's claim that indeterminability of the 2008 Real Estate Taxes was the *actual* reason she canceled the Contract:[1]

| Exhibit No. | Description of the Document: |
|---|---|
| 4[2] | July 6, 2008 Email Kathleen to Spencer Marks re tax info (SUENOS 000745) |
| 5[3] | July 7, 2008 Proposed Amendment to Escrow Instructions (LT000175) |
| 6[4] | July 7, 2008 Proposed Amendment to Escrow Instructions (BROOKS 000030) |
| 7[5] | July 7, 2008 Email Neil Brooks to Kathleen Smith re Amendment – attached 7/7/08 amendment with handwritten changes |
| 8[6] | July 8, 2008 Email from Gail Dacey to Neil Brooks attaching tax supplement (LT000174-175) |
| 9[7] | July 9, 2008 Email Elaina Kettinger (LandAmerica) to Neil Brooks and Kathleen Smith re revised amendment re property taxes (LT000482) |

---

[1] SUENOS has done its best to specifically identify the anticipated evidence/testimony it believes LTA intends to introduce related to and/or referencing the 2008 Real Estate Taxes; however, to the extent SUENOS does not list a document or witness offered by LTA that may provide testimony regarding the 2008 Real Estate Taxes, SUENOS requests that ___all___ evidence regarding the 2008 Real Estate Taxes be excluded.
[2] See Exhibit A.
[3] See Exhibit B.
[4] See Exhibit C.
[5] SUENOS was unable to accurately produce a copy of LTA's Exhibit 7 due to a lack of any bate stamp numbers. Nonetheless, to the extent said Exhibit relates to the 2008 Real Estate Taxes, it must be excluded.
[6] See Exhibit D.
[7] See Exhibit E.

3

| | |
|---|---|
| 12[8] | July 10, 2008 Email from Neil Brooks to Kathleen Smith re extension and BINSR cancellation – attachments: 7/10/08 Addendum 2 signed by Diane Goldman only and July 9, 2008 BINSR |
| 13[9] | July 10, 2008 Email from Neil Brooks to Elaina Kettinger (LandAmerica) and Diane Goldman re extension and BINSR cancellation – attachment July 9, 2008 BINSR with 7/11/08 note re see letter of Richard Glickman (LT000516) |
| 14[10] | July 11, 2008 Email chain between Kathleen Smith, Spencer Marks and Rich Glickman re dilemma about cancelling furniture delivery altogether or push back to July 17th (KS0000056-57) |
| 19[11] | July 23, 2008 Email chain between Spencer Marks and Richard Glickman re no power or authority to add or change terms of what is written (SUENOS000788) |
| 23[12] | July 6-10, 2008 Email chain between Richard Glickman, Neil Brooks, Kathleen Smith, Spencer Marks Juanita Summers-Brown, Diane Goldman, Gail Dacey re Due Diligence extension |
| 25[13] | Attachment #1 to Residential Real Estate Purchase Contract signed by Diane C. Goldman |
| 29[14] | July 8, 2008 Inspection Notice |
| 30[15] | Counter Offer |
| 34[16] | July 6, 2008 Emails re FWD: Suenos to Goldman – Due Diligence Extension (Depo Exhibit 28-01 – 28-02) |
| 35[17] | July 7, 2008 Email Neil Brooks to Linda Liermann re 7175 E Camelback Rd. #805-2-SUENOS (LT 000567) |
| 36[18] | July 8, 2008 Gail Dacey to Neil Brooks re 7175 E Camelback Rd. #805-2-SUENOS (BROOKS000029) |

---

[8] SUENOS was unable to accurately produce a copy of LTA's Exhibit 12 due to a lack of any bate stamp numbers. Nonetheless, to the extent said Exhibit relates to the 2008 Real Estate Taxes, it must be excluded.
[9] See Exhibit F.
[10] See Exhibit G.
[11] See Exhibit H.
[12] SUENOS was unable to accurately produce a copy of LTA's Exhibit 23 due to a lack of any bate stamp numbers. Nonetheless, to the extent said Exhibit relates to the 2008 Real Estate Taxes, it must be excluded.
[13] SUENOS was unable to accurately produce a copy of LTA's Exhibit 25 due to a lack of any bate stamp numbers. Nonetheless, to the extent said Exhibit relates to the 2008 Real Estate Taxes, it must be excluded.
[14] SUENOS was unable to accurately produce a copy of LTA's Exhibit 29 due to a lack of any bate stamp numbers. Nonetheless, to the extent said Exhibit relates to the 2008 Real Estate Taxes, it must be excluded.
[15] SUENOS was unable to accurately produce a copy of LTA's Exhibit 30 due to a lack of any bate stamp numbers. Nonetheless, to the extent said Exhibit relates to the 2008 Real Estate Taxes, it must be excluded.
[16] SUENOS was unable to accurately produce a copy of LTA's Exhibit 34 due to a lack of any bate stamp numbers. Nonetheless, to the extent said Exhibit relates to the 2008 Real Estate Taxes, it must be excluded.
[17] See Exhibit I.
[18] See Exhibit J.

| | |
|---|---|
| 37[19] | July 9, 2008 Email Elaina Kettinger (LandAmerica) to Neil Brooks and Kathleen Smith re 7175 E. Camelback Rd. #805-2-SUENOS (LT000481) |
| 51[20] | Amendment to Escrow Instructions (LT 000175) |
| 52[21] | County Assessor's Residential Parcel Information (Depo Exhibit 48-01) |
| 53[22] | July 9, 2008 Email Ms. Smith to Ms Dacey re taxes (Depo Exhibit 51-01) |
| 54[23] | July 11, 2008 Email Ms Bracamontes to various |
| 55[24] | July 11, 2008 Email Mr. Glickman to various (BROOKS 000035-36) |

However, this Court has already ruled as a matter of law that: (1) the language of the Parties' Contract was "*unambiguous*"; (2) the "*right to cancellation exists only for the reasons delineated in the [C]ontract*", and it did "**not** *permit Goldman to cancel because the seller did not agree to extend the due diligence period*"; (3) the "buyer *must give the reason for the cancellation in her notice [the BINSR] to the seller*"; (4) Goldman's BISNR stated "[Goldman] elect[ed] to cancel *because [SUENOS] [would] not extend the Due Diligence period until July 17, 2008*"; (5) the 2008 Real Estate Taxes argument is "*unavailing*" and "*not relevant*", and it was "*not the reason [Goldman] gave for cancelling [the Contract]*", **and she "is bound by the reason she gave** [in the BINSR] *and cannot attempt to modify that reason by oral representations or after acquired explanations*"; and (6) LTA "[as] an escrow agent has the fiduciary duty '*to comply strictly with the terms of the escrow agreement*." (*Dkt. #248 at 11-14*). This Court reasoned further:

> None of the e-mails reflect that Goldman could not verify the taxes; in fact, the taxes were not mentioned in the e-mails that disclosed her

---

[19] See Exhibit K.
[20] See Exhibit L.
[21] SUENOS was unable to accurately produce a copy of LTA's Exhibit 34 due to a lack of any bate stamp numbers. Nonetheless, to the extent said Exhibit relates to the 2008 Real Estate Taxes, it must be excluded.
[22] SUENOS was unable to accurately produce a copy of LTA's Exhibit 34 due to a lack of any bate stamp numbers. Nonetheless, to the extent said Exhibit relates to the 2008 Real Estate Taxes, it must be excluded.
[23] SUENOS was unable to accurately produce a copy of LTA's Exhibit 34 due to a lack of any bate stamp numbers. Nonetheless, to the extent said Exhibit relates to the 2008 Real Estate Taxes, it must be excluded.
[24] See Exhibit M.

>   intent to cancel.  See Exhibit 18 to Lawyers Title Facts at 1; Exhibit 20 to Lawyers Title Facts at 1.

(*Id. at 12 fn. 11*).

Since it has been <u>decided</u> as a matter of law and the "law of this case" that Goldman is "*bound*" by the improper reason she gave in her cancellation BINSR <u>and</u> cannot attempt to modify that reason by oral representations or after-acquired explanations, this Court cannot allow LTA to "excuse" or otherwise "interpret" Goldman's written reason for canceling the Contract by allowing LTA to adopt and introduce the same irrelevant, improper and inadmissible "after acquired explanation" evidence as its basis for the cancelation of the Escrow and release of the Earnest Money to Goldman.

## III.   LEGAL ARGUMENT

### A.   All Evidence and/or Testimony Regarding the 2008 Real Estate Taxes Must be Excluded Pursuant to the Law of the Case Doctrine, Parole Evidence Rule and the Arizona Statue of Frauds.

LTA has the burden of proving "how the proffered evidence is relevant to one or more issues in the case; specifically, [it] must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F. 2d 822, 830 (9th Cir. 1982).  Here, LTA has not and cannot demonstrate how the 2008 Real Estate Taxes "make[s] the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In fact, the Law of the Case Doctrine precludes LTA from "re-litigating" or "interpreting" a different basis or reason for Goldman's improper cancellation of the Contract, by "refusing to reopen questions previously decided in the same case by the same court…"  See <u>Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II</u>, 176 Ariz. 275, 278, 279, 860 P.2d 1328, 1331, 1332 (Ariz. App. Ct. 1993).  Application of Law of the Case Doctrine, although treated "as a procedural doctrine rather than as a substantive limitation on the court's power," generally "promotes an orderly process leading to an end

to litigation." Id. at 278, 860 P.2d at 1331. Here, the Court's prior rulings as a matter of law related to the 2008 Real Estate Taxes, the Contract's unambiguous language and Goldman's improper cancellation/breach of the Contract completely foreclose LTA from presenting *any* evidence and/or arguing that the 2008 Real Estate Taxes were the "actual reason" Goldman attempted to cancel the Contract. It is beyond dispute that LTA (as an escrow agent) ***had a duty to strictly comply with the terms of the escrow agreement***. See Malta v. Phoenix Title & Trust, 76 Ariz. 116, 120, 259 P.2d 554, 557-558 (Ariz. 1953). Here, the Escrow Instructions only "authorize[d] [LTA] to release the money pursuant to the terms and conditions of these instructions ***and the attached Purchase Contract***", and the Purchase Contract clearly required Goldman to state ***"the reason for the cancellation in her [BINSR] notice to the seller."*** To allow LTA to introduce any evidence or testimony related to the already deemed irrelevant 2008 Real Estate Taxes would "reopen questions previously decided" by this Court and "re-litigate" the issue of whether Goldman's cancellation BINSR properly cancelled the Contract. Therefore, under the Law of the Case Doctrine, LTA must be barred from presenting any evidence and/or testimony related to (or even suggesting) Goldman cancelled the Contract *because of the 2008 Real Estate Taxes* as the Court has plainly ruled that Goldman's stated reason for cancellation was *"[SUENOS] [would] not extend the Due Diligence period until July 17, 2008"* and *she "is bound* by [this stated] reason." If Goldman is bound by her written BINSR reason, LTA is bound by her written BINSR reason.

      In addition, the Parole Evidence Rule does not permit introduction of evidence that directly contradicts the parties' written agreement. See Taylor v. State Farm Mut. Auto. Ins. Co., 175 Ariz. 148, 854 P.2d 1134, 1141 (Ariz. 1993). Here, LTA intends to improperly "explain" the plain meaning of Goldman's written cancellation BINSR through oral representations, prior documents and/or after-acquired explanations regarding the 2008 Real Estate Taxes – all of which improperly contradicts the unambiguous language contained in Goldman's BINSR and the Contract – *which required the buyer to state the reason for the cancellation in the BINSR* – and which LTA had no discretion to ignore. Similarly, any amendment to a real estate purchase agreement must

comply with the Statute of Frauds. See <u>Best v. Edwards</u>, 217 Ariz. 497, 502 (Ariz. Ct. App. 2008); A.R.S. §44-101(6). The purpose of the statute of frauds is to avoid the assertion of claims based on "uncertain memory and unrecorded expression," and to excuse the requirement of a signed written agreement in these circumstances would undercut the very protections afforded by the statute. (See <u>Id</u>.) To allow LTA to introduce extrinsic evidence of Goldman's (or anyone else's) oral representations and after acquired explanations related to the 2008 Real Estate Taxes to effectively allow LTA to unilaterally use oral representations to amend the terms of the Purchase Contract/Escrow Agreement (*i.e.*, allowing LTA to release the Earnest Money for any "reasonable", non-contractually allowed reason not stated in the BINSR) is a blatant violation of the Statute of Frauds. Clearly, for any one of the foregoing reasons, any evidence and/or testimony regarding the 2008 Real Estate Taxes must be excluded.

**B.   Evidence and/or Testimony Regarding the 2008 Real Estate Taxes Would Unfairly Prejudice the Fact Finder.**

Even if this Court determined that evidence and/or testimony of the 2008 Real Estate Taxes Issue was somehow minimally relevant and otherwise proper, such evidence must still be excluded under Rule 403. Pursuant to *Fed. R. Evid.* 403, a court may exclude relevant evidence if its probative value is substantially outweighed by a damage of one or more of the following: unfair prejudice, confusing the issues, misleading the fact finder, undue delay, wasting time, or needlessly presenting cumulative evidence. Unfair prejudice occurs when evidence leads a fact finder to make its decision on factors other than the merits of the case, commonly on the basis of emotion, but also on other basis not justified by the evidence. See <u>U.S. v. Rabanales-Casia</u>, 2012 U.S. Dist. LEXIS 145288 (D. Ariz. 2012), citing Vol. 2, *Weinstein's Federal Evidence*, §403.04[1][b] (Matthew Bender 2d ed. 2012). To the extent that any evidence and/or testimony regarding the 2008 Real Estate Taxes has some minimal relevance during the trial on LTA's Breach of Fiduciary Duty, Mitigation Defense and SUENOS' Prove Up of Damages, the relevance is substantially outweighed by the extreme dangers of unfair prejudice, confusion of the issues and misleading the fact finder.

If LTA was permitted to introduce evidence and/or testimony regarding its irrelevant, unsupported and erroneous conclusion that Goldman cancelled the Contract because of the 2008 Real Estate Taxes, and not because of what she actually wrote in the BINSR, there is an extreme risk that the fact finder might react emotionally and possibly relate or extend LTA's alleged 2008 Real Estate Taxes "justification" into a determination that LTA strictly followed the terms of the Escrow Agreement/Contract with respect to the release of the Earnest Money – *i.e., applying the wrong legal standard in determining that LTA complied with its fiduciary duty to SUENOS*.  Similarly, regarding the Prove Up of SUENOS' damages (including any punitive or attorney's fees), the introduction of such evidence could cause the fact finder to improperly ignore the damages sustained and proven by SUENOS in favor of awarding a lesser amount against an allegedly "reasonable" LTA.  Clearly, any possible relevance of the 2008 Real Estate Taxes to the remaining issues in this case against LTA is unquestionably outweighed by the dangers of unfair prejudice and issue confusion.

## IV.    CONCLUSION.

In light of the foregoing, any evidence, testimony and/or inference regarding the 2008 Real Estate Taxes or that the 2008 Real Estate Taxes was Goldman's actual reason for cancellation are completely improper and irrelevant to the issues at trial related to LTA – LTA's breach of its fiduciary duty, SUENOS' request for punitive damages and attorneys' fees/costs, and/or SUENOS' duty to mitigate its damages.  The only purpose for such evidence and/or testimony would be to unfairly prejudice SUENOS before the fact finder or confuse the fact finder on the applicable legal standards and/or actual issues at trial.  Therefore, in the interests of justice, this Court must exclude any and all evidence, testimony and/or inference related to the 2008 Real Estate Taxes or that the 2008 Real Estate Taxes were Goldman's actual reason for cancellation.

**DATED December 21, 2012**

**POKORNY & MARKS, LLC**

By: _____**/s/ Jonathan D. Rosen**_____
**Jonathan D. Rosen
Spencer J. Marks
POKORNY & MARKS, LLC
6 West Hubbard Street, Suite 700
Chicago, Illinois  60654
Telephone:  (312) 540-0600
Facsimile:  (312) 540-0610
jrosen@pokornymarks.com
smarks@pokornymarks.com**
*Attorneys for Suenos, LLC*

W:\214930\01\TRIAL\Motion in Limine\Against LTA\Plaintiff Suenos Motion in Limine (#2) re Taxes for LTA (JDR) 121812.doc

## **CERTIFICATE OF SERVICE**

☒  I hereby certify that on December 21, 2012, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**TRN@eblawyers.com**

**Patrick.davis@fnf.com**, **Dan.Fredenberg@fnf.com**


By:  _____/s/ Jonathan D. Rosen_____