UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **SUENOS, LLC**, an Illinois limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **DIANE GOLDMAN, et al.,** <br><br> Defendants. | Case No. 2:10-CV-01034 <br><br> [Assigned to the Honorable Tim Leonard] <br><br> **PLAINTIFF SUENOS, LLC'S MOTION *IN LIMINE* (#8) TO EXCLUDE EVIDENCE AND/OR TESTIMONY OF DIANE GOLDMAN'S ALLEGED ILLNESSES, PHYSICAL CONDITION AND ALLEGED INCAPACITY PURSUANT TO *FED. R. EVID.* 401, 402 AND 403** |

Plaintiff SUENOS, LLC, an Illinois limited liability company ("SUENOS"), by and through counsel **POKORNY & MARKS, LLC**, moves *in limine* (#8) to exclude any evidence and/or testimony of Diane Goldman's ("Goldman") Pneumonia Diagnosis, Physical Condition and Alleged Illnesses Pursuant to *Fed. R. Evid.* 401, 402 and 403. This Court already ruled (in awarding SUENOS summary judgment on liability against Goldman for Breach of Contract – *Dkt. #248*) that "resolution of the parties' dispute about the seriousness of Goldman's illness is "not relevant" (*Id*. at 12 fn. 11) because that alleged "extreme illnesses" is not the reason Goldman stated on her cancellation BINSR. Thus any testimony regarding Alleged Illnesses, Physical Condition and Alleged Incapacity is totally irrelevant to Goldman's Affirmative Defense of Mitigation, would confuse and mislead the jury, and would cause SUENOS to suffer extreme prejudice.

This Motion *in Limine* is supported by the following Memorandum of Points and Authorities and the Court's entire record in this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  BRIEF FACTUAL BACKGROUND.

As set forth in the Suenos MSJ (*Dkt. #169*), which is incorporated herein by reference, this matter involves Goldman's July 21, 2008 failure to close a June 26, 2008 contract to purchase from SUENOS condominium unit #805-2 at the Scottsdale Waterfront Condominiums (the "Property"), which this Court already deemed a material breach because Goldman's submitted BINSR (submitted on July 11, 2008) was improper (*Dkt. #248*). The **only** remaining issues for the January 28, 2013 trial related to GOLDMAN are (1) her affirmative defense that SUENOS failed to mitigate its damages *after her breach*, and (2) SUENOS' prove up of damages related to Goldman's breach. Goldman is collaterally estopped from re-litigating this issue as a matter of law.

## II.  LAW AND ARGUMENT

### A.  Any evidence or testimony offered by Goldman regarding her Alleged Illnesses, Physical Condition and Alleged Incapacity is irrelevant, will confuse/mislead the jury, and is extremely prejudicial.

In defense to her breach of the Contract, *and more than thirty-one months after she breached the Contract*, Goldman claimed (*for the first time*) in her Responses to SUENOS' Interrogatories to the Verified Complaint that she was excused from performance of the Contract by the Doctrine of Impracticability.[1] Goldman never mentioned any alleged incapacity in her Answer to the Verified Complaint. (See *Dkt. #30.*) Further, this Court has already ruled that Goldman's allegedly "serious" illness and incapacity were "neither material nor relevant to the issues" because "[GOLDMAN] elect[ed] to cancel because [SUENOS] [would] not extend the Due Diligence period until July 17, 2008"… and "Goldman is bound by [this] reason." (*Id*. at 7, 13.) In §8(B) of the Joint Pretrial Order, Goldman lists both Diane Goldman and Neil Brooks as individuals that will testify regarding "her illness". (See *Dkt. #279* at §8(B).) Further, at least 11 of Goldman's 139 listed trial exhibits reference either Goldman's Alleged Illnesses, Physical

---

[1] See Defendant Diane Goldman's Responses to Plaintiff's Non-Uniform Interrogatories and Request for Production, attached hereto and incorporated herein by reference as Exhibit A, at *inter alia* Interrogatory No. 4.

Condition and/or Alleged Incapacity:[2]

| Exhibit Number | Description of Document |
|---|---|
| 31[3] | July 11, 2008 Email from Kathleen Smith to Spencer Marks ("Still going on and on milking how she is sick in bed with pneumonia …") |
| 32[4] | July 11, 2008 Email from Linda Liermann to Richard Glickman ("he verbally notified us that she has been diagnose with Double pneumonia …") |
| 67[5] | February 5, 2009 Email from Kathleen Smith to Spencer Marks (reference to "night vision goggles" / medical marijuana certificate …) |
| 68[6] | February 27, 2009 Email from Kathleen Smith to Spencer Marks (reference to "night vision goggles" incident …) |
| 69[7] | February 27, 2009 Email from Spencer Marks to Kathleen Smith (reference to "controversy at [Scottsdale Waterfront Condominiums" … related to Goldman smoking marijuana with medical certificate) |
| 70[8] | March 2, 2009 Email from Kathleen Smith to Spencer Marks (reference to "invasion of privacy" / "President saw her smoking" / "night vision goggle incident with HOA president spying on her") |
| 71[9] | March 2, 2009 Email from Spencer Marks to Kathleen Smith (reference to "President saw [Goldman] smoking" / alleged "night vision goggle" incident with the HOA president spying on her" …) |
| 73[10] | March 14, 2009 Email from Spencer Marks to Kathleen Smith (reference to smoking incident: "looking at her from another balcony …") |
| 118[11] | Unproduced document |
| 134[12] | Unproduced document |
| 137[13] | NextCare Urgent Care Medical Records for Diane Goldman |

Goldman has the burden of proving "how the proffered evidence is relevant to one or more the remaining issues in the case; specifically, [she] must articulate precisely the

---

[2] SUENOS has done its best to specifically identify the anticipated evidence/testimony it believes GOLDMAN intends to introduce related to and/or referencing the Alleged Illnesses, Physical Condition and Alleged Incapacity; however, to the extent SUENOS does not list a document or witness offered by Goldman that may provide testimony regarding the Alleged Illnesses, Physical Condition and Alleged Incapacity, SUENOS requests that ***all*** evidence regarding the Alleged Illnesses, Physical Condition and Alleged Incapacity be excluded.
[3] Attached as Exhibit B.
[4] Attached as Exhibit C.
[5] Attached as Exhibit D.
[6] Attached as Exhibit E.
[7] Attached as Exhibit F.
[8] Attached as Exhibit G.
[9] Attached as Exhibit H.
[10] Attached as Exhibit I.
[11] Not attached because not produced by Goldman.
[12] Not attached because not produced by Goldman.
[13] Attached as Exhibit J.

3

evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Fed. R. Evid.* 401; United States v. Mehrmanesh, 689 F. 2d 822, 830 (9th Cir. 1982).

Here, Goldman has not and cannot demonstrate how Alleged Illnesses, Physical Condition and Alleged Incapacity "make[s] the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed. R. Evid.* 401. Additionally, the Court already ruled that Goldman's claims regarding her Impracticability Defense were "irrelevant" because (1) the "evidence does not reflect that Goldman or Brooks relayed this information" to SUENOS, Kathleen Smith, or LTA (*Dkt. #248 at 12 fn. 11*), and (2) illness was "not the reason she gave for cancelling [the Contract]". Thus, Goldman was "bound by the reason she gave ***and cannot attempt to modify that reason by oral representations or after acquired explanations***." (Id. at 12-13.)  Ultimately, as a matter of law, while the Contract gave GOLDMAN a "myriad of reasons to cancel" (*Id. at 12*), Goldman was not permitted to cancel because SUENOS did not agree to extend the due diligence period; and thus Goldman improperly cancelled.  (*Id.*)  Therefore, since GOLDMAN is "bound" by her stated "reason" in the BINSR, LTA (who is equally bound to follow the terms of the Contract) should likewise "bound" by the reason stated in the BINSR for its decision to release the $25,000.00 Earnest Money to GOLDMAN.

4

### B. Evidence and/or Testimony of Ms. Goldman's Alleged Illness, Physical Condition and/or Alleged Incapacity Would Unfairly Prejudice the Jury and Confuse the Issues at Trial.

Even if this Court determined that evidence and/ or testimony of Goldman's Alleged Illnesses, Physical Condition and Alleged Incapacity was somehow relevant, the evidence must still be excluded under Rule 403. Pursuant to *Fed. R. Evid.* 403, a court may exclude relevant evidence if its probative value is substantially outweighed by a damage of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Unfair prejudice occurs when evidence leads a jury to make its decision on factors other than the merits of the case, commonly on the basis of emotion, but also on other basis not justified by the evidence. See U.S. v. Rabanales-Casia, 2012 U.S. Dist. LEXIS 145288 (D. Ariz. 2012), citing Vol. 2, *Weinstein's Federal Evidence*, §403.04[1][b] (Matthew Bender 2d ed. 2012). To the extent evidence and/or testimony regarding Goldman's Alleged Illnesses, Physical Condition and Alleged Incapacity have some minimal relevance during the trial on Goldman's Mitigation Defense and/or SUENOS' Prove Up of Damages, the relevance is substantially outweighed by the dangers of extreme unfair prejudice, confusion of the issues and misleading the jury.

If Goldman were permitted to introduce evidence and/or testimony regarding Goldman's Alleged Illnesses, Physical Condition and Alleged Incapacity, there is an absolute risk that the jury might react emotionally and possibly relate or extend her alleged illness and alleged incapacity to a determination that SUENOS acted unreasonably with respect to the unrelated Mitigation issue – *i.e.*, determining that SUENOS should have blindly accepted GOLDMAN's August 12, 2008 $1.53M Second Contract offer or the Mark Hensby September 15, 2008 $1.3M contract offer (or any other offer), without any attempt to negotiate these offers, as a purely emotional concession to the supposedly ill/incapacitated Goldman. Similarly, regarding the Prove Up of damages, the introduction of such evidence could cause the jury to ignore some of the damages sustained and proven by SUENOS in favor of awarding a lesser amount against an allegedly ill/incapacitated individual. Clearly, any possibly relevance is substantially

outweighed by the clear dangers of unfair prejudice and issue/juror confusion. See *Fed. R. Evid.* 403.

## IV.     CONCLUSION.

In light of the foregoing, and in the interests of justice, this Court must exclude any and all evidence, testimony and/or inference regarding Goldman's Alleged Illnesses, Physical Condition and Alleged Incapacity.

*DATED December 21, 2012*

**POKORNY & MARKS, LLC**

By: _____**/s/ Jonathan D. Rosen**_____
**Jonathan D. Rosen**
**Spencer J. Marks**
**POKORNY & MARKS, LLC**
**6 West Hubbard Street, Suite 700**
**Chicago, Illinois  60654**
**Telephone:  (312) 540-0600**
**Facsimile:  (312) 540-0610**
**jrosen@pokornymarks.com**
**smarks@pokornymarks.com**
*Attorneys for Suenos, LLC*

W:\214930\01\TRIAL\Motion in Limine\Against Goldman\Plaintiff Suenos Motion in Limine (#8) re Goldman's Alleged Illness (JDR) 121512.doc

## **CERTIFICATE OF SERVICE**

☒  I hereby certify that on December 21, 2012, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**TRN@eblawyers.com**

**Patrick.davis@fnf.com**, **Dan.Fredenberg@fnf.com**


By:           /s/ Jonathan D. Rosen