UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **SUENOS, LLC**, an Illinois limited liability company,<br><br>                    **Plaintiff,**<br><br>       v.<br><br>**DIANE GOLDMAN, et al.,**<br><br>                    **Defendants.** | Case No. 2:10-CV-01034<br><br>[Assigned to the Honorable Tim Leonard]<br><br>**PLAINTIFF SUENOS, LLC'S MOTION *IN LIMINE* (#11) TO EXCLUDE THE PRESENTMENT BY DIANE GOLDMAN OF ANY EVIDENCE AND/OR TESTIMONY RELATED TO ESTIMATED 2008 REAL ESTATE TAXES FOR THE PROPERTY AND/OR HER CLAIM THAT SUCH REAL ESTATE TAXES WERE INDETERMINABLE PURSUANT TO FED. R. EVID. 401, 402 AND 403** |

Plaintiff SUENOS, LLC, an Illinois limited liability company ("SUENOS"), by and through counsel **POKORNY & MARKS, LLC**, moves *in limine* (#11) to exclude the presentment by Diane Goldman ("Goldman") of any evidence and/or testimony related to estimated 2008 real estate taxes for the Property and/or her claim that such real estate taxes were indeterminable, pursuant to *Fed. R. Evid.* 401, 402 and 403. This Court already ruled (in awarding SUENOS summary judgment on liability against Goldman for Breach of Contract – *Dkt. #248*) that Goldman's claims that 2008 real estate taxes were indeterminable and that real estate taxes were her true reason for cancelling the Contract was ***irrelevant*** because she did not state real estate taxes on her cancellation BINSR. Any testimony regarding real estate taxes is totally irrelevant to Goldman's Affirmative Defense of Mitigation, would confuse and mislead the jury, and would cause SUENOS to

suffer extreme prejudice.

This Motion *in Limine* is supported by the following Memorandum of Points and Authorities and the Court's entire record in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BRIEF FACTUAL BACKGROUND.

As set forth in the Suenos MSJ (*Dkt. #169*), which is incorporated herein by reference, this matter involves Goldman's July 21, 2008 failure to close a June 26, 2008 contract with SUENOS to purchase condominium unit #805-2 at the Scottsdale Waterfront Condominiums (the "Property"), which this Court already deemed a material breach as a matter of law because Goldman's submitted cancellation BINSR (submitted on July 11, 2008) was improper (*Dkt. #248*). The **only** remaining issues for the January 28, 2013 trial related to Goldman are (1) her affirmative defense that SUENOS failed to act reasonably in mitigating its damages *after her breach*, and (2) SUENOS' prove up of damages related to Goldman's breach. Goldman is collaterally estopped from re-litigating this issue as matter of law.

### II. LAW AND ARGUMENT

**A. Any evidence or testimony offered by Goldman regarding estimated 2008 real estate taxes for the Property being indeterminable and/or Goldman's claim that real estate taxes were her actual reason for canceling the Contract is irrelevant, will confuse/mislead the jury, and is extremely prejudicial.**

In rejecting all claims by Goldman related to real estate taxes, this Court already granted summary judgment in favor of SUENOS on liability for Goldman's breach of contract (*Dkt. #248*), and yet Goldman is still stubbornly and vexatiously trying to again offer evidence that the 2008 real estate taxes for the Property were indeterminable and that real estate taxes was her actual reason for cancelling the Contract (the "2008 Real Estate Taxes"); ignoring this Court's order for Summary Judgment, and wasting Plaintiff's counsel's time to have to file this motion. In §8(B) of the Joint Pretrial Order, Goldman lists both Diane Goldman and Neil Brooks as individuals that will testify

regarding "attempts to determine the correct property taxes". (See *Dkt. #279* at §8(B).) Further, at least 13 of Goldman's 139 listed trial exhibits reference either the *alleged* indeterminability of the 2008 Real Estate Taxes and/or Goldman's claim that indeterminability of the 2008 Real Estate Taxes was the *actual* reason she canceled the Contract:[1]

| Exhibit Number | Description of Document |
|---|---|
| 27[2] | July 6, 2008 Email from Kathleen Smith re Extension of Ten-Day Due Diligence Period |
| 28[3] | July 6, 2008 Email from Richard Glickman re SUENOS Acceptance of Addendum 1 |
| 29[4] | July 10, 2008 Email from Neil Brooks regarding Addendum 2 and "work[ing] out a deal on this property" |
| 30[5] | July 10, 2008 Email from Richard Glickman to Neil Brooks (discussion of taxes) |
| 31[6] | July 11, 2008 Email from Kathleen Smith Spencer Marks (regarding extension of time) |
| 34[7] | July 15, 2008 Email from Shirley Scully to Barbara Paget (Amendment to Escrow Instructions drawn up by LTA referencing the taxes) |
| 37[8] | July 23, 2008 Email from Shirley Scully to Spencer Marks (reference "this buyer did not cancel because of the taxes") |
| 40[9] | August 11, 2008 Email from Kathleen Smith to Richard Glickman (reference to "Previous Tax Amendment from Round 2 "that title had drawn up with regard to taxes because they are different") |
| 41[10] | August 12, 2008 Email from Shirley Scully to Kathleen Smith ("Are the tax issues not the same today as they were a few weeks back?" |
| 118[11] | Unproduced document |
| 134[12] | Unproduced document |
| 130[13] | Neil Brooks Declaration: at ¶6 ("Diane Goldman cancelled her contract for the Property") |
| 131[14] | Kathleen Smith Affidavit: at ¶¶6-9 (discusses real estate |

---

[1] SUENOS has done its best to specifically identify the anticipated evidence/testimony it believes GOLDMAN intends to introduce related to and/or referencing the 2008 Real Estate Taxes; however, to the extent SUENOS does not list a document or witness offered by Goldman that may provide testimony regarding the 2008 Real Estate Taxes, SUENOS requests that *all* evidence regarding the 2008 Real Estate Taxes be excluded.
[2] Attached as Exhibit A.
[3] Attached as Exhibit B.
[4] Attached as Exhibit C.
[5] Attached as Exhibit D.
[6] Attached as Exhibit E.
[7] Attached as Exhibit F.
[8] Attached as Exhibit G.
[9] Attached as Exhibit H.
[10] Attached as Exhibit I.
[11] Not attached because not produced by Goldman.
[12] Not attached because not produced by Goldman.
[13] Attached as Exhibit J.

| | |
|---|---|
| 132[15] | Unsigned Marks Affidavit: at ¶¶7-10 (discusses real estate taxes and dispute of release of Earnest Money); ¶11 (to extent emails reference taxes); ¶19 (Phelps (LTA's response) that "taxes determined to be unacceptable") |

Goldman has the burden of proving "how the proffered evidence is relevant to one or more of the remaining issues in the case; specifically, [she] must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Fed. R. Evid.* 401; U.S. v. Mehrmanesh, 689 F. 2d 822, 830 (9th Cir. 1982).

Here, Goldman has not and cannot demonstrate how the 2008 Real Estate Taxes "make[s] the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed. R. Evid.* 401.  Because the Court already ruled that Goldman's claims regarding the 2008 Real Estate Taxes were "unavailing" as indeterminability was "not the reason she gave for cancelling [the Contract]" and since "[Goldman] elect[ed] to cancel because [SUENOS] [would] not extend the Due Diligence period until July 17, 2008", she "is bound by the reason she gave ***and cannot attempt to modify that reason by oral representations or after acquired explanations***." (*Dkt. #248* at 12-13.) Ultimately, while the Contract gave Goldman a "myriad of reasons to cancel" (*Id*. at 12), this Court determined that Goldman was not permitted to cancel because SUENOS did not agree to extend the due diligence period – and thus, she was adjudicated liable "with respect to [SUENOS'] breach of contract claim for damages." (*Id*. at 12, 20.)  Clearly, such evidence is immaterial and irrelevant to any of the remaining trial issues – Mitigation and SUENOS' damages. Pursuant to *Fed. R. Evid.* 401 and 402, evidence of the 2008 Real Estate Taxes must be excluded.

---

[14] Attached as Exhibit K.
[15] Attached as Exhibit L.

**B.   Evidence and/or Testimony of the 2008 Real Estate Taxes Would Unfairly Prejudice the Jury.**

Even if this Court determined that evidence and/or testimony regarding the 2008 Real Estate Taxes was somehow relevant, such evidence must still be excluded under Rule 403.  Pursuant to *Fed. R. Evid.* 403, a court may exclude relevant evidence if its probative value is substantially outweighed by a damage of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Unfair prejudice occurs when evidence leads a jury to make its decision on factors other than the merits of the case, commonly on the basis of emotion, but also on other basis not justified by the evidence.  See U.S. v. Rabanales-Casia, 2012 U.S. Dist. LEXIS 145288 (D. Ariz. 2012), citing Vol. 2, *Weinstein's Federal Evidence*, §403.04[1][b] (Matthew Bender 2d ed. 2012).  To the extent the evidence and/or testimony regarding the 2008 Real Estate Taxes has some minimal relevance during the trial on Goldman's Mitigation Affirmative Defense and/or SUENOS' Prove Up of Damages, the relevance is substantially outweighed by the dangers of extreme unfair prejudice, confusion of the issues and misleading the jury.

If Goldman was permitted to introduce such evidence, there is a great risk that the jury might react emotionally and possibly relate or extend Goldman's claim that the 2008 Real Estate Taxes were indeterminable or that the 2008 Real Estate Taxes were the actual reason for her cancellation of the Contract to a conclusion that SUENOS acted unreasonably with respect to the unrelated Mitigation issue – i.e., determining that SUENOS should have blindly accepted Goldman's August 12, 2008 $1.53M Second Contract offer, the Mark Hensby September 15, 2008 $1.3M contract offer, or any other offer without any attempt to negotiate these offers.  Further, evidence of the 2008 Real Estate Taxes could equally confuse the jury into improperly reconsidering whether Goldman breached the Contract in the first place.  Similarly, regarding SUENOS' Prove Up of damages, the introduction of such evidence could cause the jury to ignore the

5

damages sustained and proven by SUENOS in favor of awarding a lesser amount against an allegedly confused and/or uninformed buyer. Clearly, any possible relevance of this evidence is unquestionably outweighed by the dangers of unfair prejudice and jury confusion.

### III.   CONCLUSION.

In light of the foregoing, and in the interests of justice, this Court must exclude all evidence, testimony and inference regarding the 2008 Real Estate Taxes.

*DATED December 21, 2012*
**POKORNY & MARKS, LLC**

By: _____/s/ Jonathan D. Rosen_____
**Jonathan D. Rosen
Spencer J. Marks
POKORNY & MARKS, LLC
6 West Hubbard Street, Suite 700
Chicago, Illinois  60654
Telephone:  (312) 540-0600
Facsimile:  (312) 540-0610
jrosen@pokornymarks.com
smarks@pokornymarks.com**
*Attorneys for Suenos, LLC*

W:\214930\01\TRIAL\Motion in Limine\Against Goldman\Plaintiff Suenos Motion in Limine (#11) re Taxes - Goldman (JDR) 121812.doc

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on December 21, 2012, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**TRN@eblawyers.com**

**Patrick.davis@fnf.com**, **Dan.Fredenberg@fnf.com**

By:      /s/ Jonathan D. Rosen